IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
(Ocala Division)

JASMINE GREEN,
on behalf of herself and others similarly situated,

    Plaintiff,

vs.                                **COLLECTIVE ACTION**

OPTIMUM DEALERSHIP GROUP,
LLC, a Florida Limited Liability
Company, d/b/a "Optimum RV",

    Defendant.
_____/

**COMPLAINT**

Plaintiff, JASMINE GREEN, individually and on behalf of others similarly situated, sues Defendant, OPTIMUM DEALERSHIP GROUP, LLC, a Florida Limited Liability Company, d/b/a "Optimum RV", and alleges:

**JURISDICTIONAL ALLEGATIONS**

1.    This is an action to recover money damages for unpaid minimum wages brought under the laws of the United States of America. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C., Sections 201-219, inclusive ("FLSA").

2.    Plaintiff, JASMINE GREEN worked as a recreational vehicle salesperson at an RV dealership location known as "Optimum RV" in Marion County,

Florida. Each named or represented Plaintiff is an "employee" within the meaning of 29 U.S.C. §203(e).

3.     Defendant, OPTIMUM DEALERSHIP GROUP, LLC, is a Florida Limited Liability Company, which operates several related, closely, privately held RV dealership locations throughout Florida, South Carolina, Pennsylvania, Texas, Michigan and Missouri, all known as "Optimum RV". The OPTIMUM DEALERSHIP GROUP, LLC is closely, privately, owned and operated as a single RV dealership including various corporate or fictitious incarnations, including: Optimum RV Ocala, Optimum RV Zephryhills, Optimum RV Bushnell, Optimum RV Titusville, Optimum RV Tallahassee, Optimum RV Philadelphia, Optimum RV Corpus Christi, Optimum RV Muskegon, Optimum RV Spartanburg, Optimum RV Bonne Terre, and Optimum RV St. Louis. All of these "dealerships", whether or not they are incorporated, operate essentially from the various above physical locations, under the same ownership, directorship and registered agent.

4.     An internet link to each related dealership location is found at a single web address (wwwoptimumrv.com) which contains links to hundreds of RVs located at all of the related dealerships.

5.     Defendant OPTIMUM DEALERSHIP GROUP, LLC, d/b/a/ "Optimum RV" is a "person" and an "employer" within the meaning of the 29 U.S.C. §203 (a) and (d) and is hereinafter referred to jointly as the "Employer". Moreover, this same "Employer", individually or together as a group, is an enterprise engaged in commerce within the meaning of 29 U.S.C. §203(s).

6. Jurisdiction is conferred upon this Court by 28 U.S.C. §1337, and by 29 U.S.C. §216(b). The Employer is, and at all times material to this action was, an organization which sells and/or markets and/or transports services and/or goods to customers in Florida. Upon information and belief, the annual gross revenue of the Employer was at all times material to this action in excess of $500,000.00 per annum.

7. By reason of the foregoing, the Employer is, and at all times material to this action was, an enterprise engaged in commerce or in the production of goods for commerce as defined in Sections 3(r) and 3(s) of the FLSA, 29 U.S.C., §§ 203(r) and 203(s).

## CLASS ALLEGATIONS

8. The named Plaintiff is similarly situated to an untold number of other salespersons who work or have worked for the Employer during any part of the past three years at any of the related RV dealerships operating under the ambit of the "Optimum RV".

9. The named Plaintiff and those similarly situated work or worked under a commissions/draw pay plan which does not consider the number of hours actually worked by sales personnel. Sales personnel of this employer are paid a draw against commission, whereby there is a routine paycheck that serves as an advance against future commissions.

10. The problem with Defendant's pay plan is that sales personnel are paid $400 to $500 per week for 40 hours per week, but required to and actually work over

80 hours per week. In most workweeks, Plaintiff and other similarly situated sales personnel are not paid at least a minimum wage for all hours worked.

11. While Defendant's pay plan is supposed to include commissions based on sales made, those commissions are too few and far between and are not paid out often enough to comply with the minimum wage requirements of the Fair Labor Standards Act.

12. On numerous occasions during the period of time covered by this Complaint, salespersons employed by Optimum RV generated fewer sales than are necessary to cover the minimum wage rate for actual hours worked during a given pay period.

## ATTORNEY'S FEES

13. Plaintiff has engaged the services of the undersigned attorneys and have agreed to pay a reasonable attorney's fees for their services.

## ENTITLEMENT TO ATTORNEY'S FEES

14. Plaintiff, and those similarly situated, are entitled to an award of prevailing party attorney's fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 and other related authority.

## VIOLATION OF THE FAIR LABOR STANDARDS ACT
### (Failure to Pay Minimum Wages)

15. At all times during his employment, the Plaintiff was an employee required to be paid a minimum hourly wage for every hour worked for the Employer.

16. Since on or about June 13, 2023 through January 23, 2024 ("the applicable period covered by this Complaint"), the Employer has violated the provisions of the FLSA, 29 U.S.C. §206 and §215 (a)(2) by failing to pay the Plaintiff and/or other similarly situated salespersons a legal minimum hourly wage during numerous applicable pay periods.

17. The Employer knew or showed a reckless disregard for the provisions of the FLSA concerning the payment of minimum wages and remains owing the named Plaintiff and other similarly situated employees a minimum wage for every hour worked during the three-year period preceding this lawsuit. Accordingly, Plaintiffs are entitled to recover liquidated damages in addition to the unpaid minimum wages.

## **JURY DEMAND**

18. Plaintiff, JASMINE GREEN, and those similarly situated, demand trial by jury of all issues, claims and defenses in this action that are triable as of right by a jury.

WHEREFORE, Plaintiff JASMINE GREEN, and others similarly situated demand the following: payment of minimum wages for every hour worked by them and those similarly situated, or as much as is allowed by the Fair Labor Standards Act, whichever is greater, in an amount to be proven at the time of trial; an additional like amount as liquidated damages; an award of reasonable attorney's fees and costs, and; any and all such other relief which this Court may deem reasonable under the circumstances. Additionally, in the event that Plaintiff does not recover liquidated damages as allowed, then Plaintiff and those similarly situated demand an

award of prejudgment interest as a lesser alternative to liquidated damages.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

## CONSENT TO JOIN
## PURSUANT TO 29 U.S.C. §216(b)

I, JASMINE GREEN, hereby consent and agree and opt-in to become a Plaintiff in this lawsuit brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq.

*/s/ Jasmine Green*
JASMINE GREEN


Dated: February 21, 2024
Plantation, Florida

                              Respectfully submitted,

                              */s/ Robert S. Norell*
                              Robert S. Norell, Esq.
                              Fla. Bar No. 996777
                              E-Mail: rob@floridawagelaw.com
                              **ROBERT S. NORELL, P.A.**
                              300 N.W. 70th Avenue
                              Suite 305
                              Plantation, Florida 33317
                              Telephone: (954) 617-6017
                              Facsimile: (954) 617-6018
                              *Counsel for Plaintiff*