IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.: 5:24-CV-00082-MMH-PRL

JASMINE GREEN,

    Plaintiff,

vs.

OPTIMUM DEALERSHIP GROUP,
LLC, a Florida Limited Liability
Company, d/b/a "Optimum RV",

    Defendant.

_____/

**JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT AND
DISMISSAL OF ACTION WITH PREJUDICE
AND INCORPORATED MEMORANDUM OF LAW**

The parties, by and through their undersigned attorney, move this Honorable Court to approve the settlement reached by the parties and dismiss the instant action *with prejudice*. In support thereof, the parties state as follows:

1. This action originated on or around February 21, 2024, when Plaintiff filed her Complaint (ECF No. 1) against Defendant seeking unpaid minimum wages under the Fair Labor Standards Act, 29 U.S. C. §206, *et. Seq.,* (the "FLSA").

2. On April 24, 2024, the Parties filed a Joint Notice of Settlement (ECF No. 26).

3. In reaching a resolution of this matter, the parties have reviewed Defendant's time and pay records for Plaintiff.

4. The parties engaged in informal discovery, extensive settlement negotiations and exchanged sufficient information as to allow the parties to make educated and informed decisions regarding settlement.

5. The parties have successfully come to an agreement to resolve this dispute and now seek approval of the settlement from the Court in accordance with *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350 (11th Cir. 1982). Accordingly, a copy of the Parties' settlement agreement is attached as Exhibit 1 to this Motion.

6. The settlement provides that Defendant will pay Plaintiff a total of $20,000, which consists of $5,750 for Plaintiff's alleged unpaid minimum wages, an additional $5,750 for Plaintiff's alleged liquidated damages, and $8,500 for Plaintiff's alleged attorney's fees and costs. In addition, counsel for the parties separately negotiated payment of Plaintiff's counsel's reasonable attorney's fees and costs.

7. In exchange for the settlement proceeds, Plaintiff agreed to dismiss the claims brought in the Complaint. The parties advise the Court that there was a bona fide dispute and that this resolution is reasonable and was reached to avoid the cost and time of litigating the issues, as well as the risks associated with continued litigation. The Parties represent that the settlement was an arms-length compromise and there was no collusion with regard to the settlement of this matter. After reviewing Defendant's records, Plaintiff is satisfied that the amounts to be received by her constitute a reasonable recovery in this action.

8. Plaintiff's counsel, in his opinion, believes this resolution fair and reasonable under the circumstances. Likewise, Defendant's counsel, agrees that this resolution is fair and reasonable under the circumstances.

9. The parties submit that the amount allocated to attorney's fees and costs is reasonable and not excessive, and was negotiated separately from the amount that was agreed upon for Plaintiff's underlying claim for overtime, minimum wages and liquidated damages.

## MEMORANDUM OF LAW

**Standard of Review**

Judicial review and approval of this settlement is necessary to give it final and binding effect. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350 (11th Cir. 1982). As the Eleventh Circuit held in *Lynn's Food Stores*:

> [t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Id.* at 1352-53.

Before approving an FLSA settlement, the Court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

(1) the existence of fraud or collusion behind the settlement:
(2) the complexity, expense, and likely duration of the litigation;
(3) the stage of the proceedings and the amount of discovery completed;
(4) the probability of plaintiff's success on the merits:
(5) the range of possible recovery; and
(6) the opinions of the counsel.

*See Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287 at *2-3 (M.D. Fla. Jan. 8, 2007). S*ee also Hill v. Florida Indus. Elec., Inc.,* No. 6:06-cv-915-Orl-31JGG, 2007 U.S. Dist. LEXIS 9498 at *6 (M.D. Fla. Feb. 9, 2007); *Pacheco v. JHM Enter., Inc.,* No. 6:05-cv-1247-Orl-JGG, 2006 U.S. Dist. LEXIS 22066 at *4 (M.D. Fla. Apr. 12, 2006). The Court should be mindful of the strong presumption in favor of finding a settlement fair. *Hamilton*, 2007 U.S. Dist. LEXIS at *2-3. *See also Cotton v. Hinton,* 559 F.2d 1326, 1331 (5th Cir. 1977).

### A. All of the Relevant Criteria Support Final Approval of the Settlement.

First, courts have found no fraud or collusion where both parties were represented by counsel and the amount to be paid to the plaintiff seemed fair. *See*

*Helms v. Central Fla. Reg. Hosp.*, No. 6:05-cv-383-Orl-22JGG, 2006 U.S. Dist. LEXIS 92994, at *11-12 (M.D. Fla. Dec. 21, 2006). Here, the parties were independently represented by counsel. Plaintiff was represented by Robert Norell, Esquire of Robert Norell, P.A., and Defendant was represented by David J. Lisko, Esq. of Holland & Knight, LLP. Undersigned counsel has extensive experience in litigating claims under the Fair Labor Standards Act, including claims for unpaid minimum wages.

The complexity, expense, and length of future litigation also militate in favor of this settlement. If the Parties continued to litigate this matter, they would be forced to engage in costly and protracted litigation in order to prove their claims and defenses. This settlement, therefore, is a reasonable means for both parties to minimize future risks and litigation costs.

Third, there has been sufficient investigation and exchange of information to allow counsel and the Court to act intelligently in this matter. The Parties exchanged information and documentation regarding Plaintiff's hours and pay. In agreeing upon the proposed settlement, the Parties had sufficient information and conducted an adequate investigation to allow them to make an educated and informed analysis and conclusion.

The last element the Court should evaluate in determining fairness of the settlement is the reasonableness of the proposed attorneys' fees. Once the Parties agreed upon the amount of Plaintiff's underlying claim for unpaid minimum wages, the parties separately negotiated Plaintiff's reasonable attorney's fees and costs. Accordingly, the issue of attorney's fees was addressed independently and seriatim

with no regard to Plaintiff's recovery. Where the matter of attorney's fees "[is] addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." *Bonetti v. Embarq Management Co.,* 715 F. Supp. 2d 1222 (M.D. Fla. 2009)

In addition, the undersigned represents that the amount allocated for attorney's fees and costs is reasonable based on the amount of time actually spent by Plaintiff's counsel in prosecuting and ultimately resolving her claims. The parties negotiated the fees separately from the Plaintiff's settlement payment and the fees were not negotiated in relation to or as a portion of Plaintiff's recovery. *See Id.,* 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009). Therefore, the Parties request that this Court find the proposed attorneys' fees reasonable.

## CONCLUSION

The settlement terms are fair, reasonable and adequate. Accordingly, the Parties respectfully request that the Court grant their Joint Motion for Approval of the Settlement and enter a Final Order of Dismissal in this action.

WHEREFORE, the Parties respectfully request that this Honorable Court enter an Order (i) GRANTING this Motion; (ii) APPROVING the settlement of Plaintiff's claims under the Fair Labor Standards Act; (iii) DISMISSING this case with prejudice; (iv) reserving jurisdiction for 30 days to enforce the terms of the settlement; and (iv) ORDERING such further relief as the Court deems appropriate.

Respectfully submitted on May 7, 2024,

*/s/Robert S. Norell, Esq.*
Robert S. Norell, Esq.
Fla. Bar No.: 996777
E-Mail: rob@floridawagelaw.com
**ROBERT S. NORELL, P.A.**
300 NW 70th Avenue, Suite 305
Plantation, FL 33317
Telephone: (954) 617-6017
Facsimile: (954) 617-6018
*Counsel for Plaintiff*

*/s/David J. Lisko, Esq.*
David J. Lisko, Esq.
Florida Bar No. 92841
E-Mail: david.lisko@hklaw.com
Jason Baruch, Esq.
Florida Bar No. 10280
E-Mail: Jason.baruch@hklaw.com
Paul Punzone, Esq.
Florida Bar No. 1003511
E-Mail: Paul.Punzone@hklaw.com
**HOLLAND & KNIGHT LLP**
100 N. Tampa Street, Suite 4100
Tampa, FL 33602
Telephone: (813) 227-8500
Facsimile: (813) 229-0134
*Counsel for Defendant*