UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**JASMINE GREEN,**

    Plaintiff,

v.                                                                                               Case No: 5:24-cv-82-MMH-PRL

**OPTIMUM DEALERSHIP GROUP,**
**LLC,** a Florida Limited Liability
Company, d/b/a "Optimum RV,"

    Defendant.
_____

### REPORT AND RECOMMENDATION[1]

Before the Court upon referral in this Fair Labor Standards Act ("FLSA") case is the parties' joint motion to approve their settlement and dismiss the lawsuit with prejudice. (Doc. 29). Here, the Court must determine whether the settlement between Plaintiff and Defendant is a "fair and reasonable resolution of a bona fide dispute" over Fair Labor Standards Act ("FLSA") issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354–55 (11th Cir. 1982).

**I.    LEGAL STANDARDS**

If a settlement is unsupervised by the Department of Labor, compromise of FLSA claims is only available "[w]hen employees bring a private action for back wages under the FLSA, . . . present to the district court a proposed settlement, [and it] . . . enter[s] a stipulated

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. See Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

judgment after scrutinizing the settlement for fairness." *Id*. at 1353 (*citing Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> employees are likely . . . represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages . . . actually in dispute; we allow the district court to approve the settlement . . . to promote the policy of encouraging settlement of litigation.

*Id.*

## II. DISCUSSION

As set forth in the Settlement Agreement and Release, Defendant will pay a total sum of $20,000 to resolve this matter, to include the following: (1) $5,750 to Plaintiff representing compensation for Plaintiff's FLSA wage claims; (2) $5,750 to Plaintiff for liquidated damages under the FLSA; and (3) $8,500 to Plaintiff's counsel for attorney's fees and costs. (Doc. 29-1). The parties were represented by experienced counsel and the terms and conditions of the parties' settlement were the subject of arms-length negotiations between counsel. The settlement amount was based on information learned through the exchange of documents and settlement discussions. The parties agree that the settlement represents a reasonable compromise of Plaintiff's claims. The settlement agreement is limited to Plaintiff's FLSA claims "arising from the hours worked during her employment" with Defendant, and it does

not contain a broad general release of other claims or additional non-cash concessions such as a confidentiality or no re-employment provision. (Doc. 29-1).

With respect to the agreed-to sum for attorney's fees and costs, the parties represent that they were negotiated separately from Plaintiff's recovery. (Doc. 20 at ¶ 6); *see Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222 (M.D. Fla. 2009). Under the circumstances, I submit that the amount of $8,500 for attorney's fees and costs appears to be reasonable.[2]

### III. RECOMMENDATION

Accordingly, and upon due consideration, I recommend that the Court **GRANT** the parties' joint motion for settlement approval (Doc. 29), and that the Court find the Settlement Agreement to be a fair and reasonable compromise of Plaintiff's FLSA claims. Further, as requested, the Court should dismiss the case with prejudice.

Recommended in Ocala, Florida on May 28, 2024.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party

---

[2] In reaching this conclusion, the Court recognizes that it must consider the reasonableness of any award of attorney's fees, but it is not required to conduct "an in depth analysis . . . unless the unreasonableness is apparent from the face of the documents." *King v. My Online Neighborhood, Inc.*, No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575, at *4 (M.D. Fla. Mar. 7, 2007) (quoting *Perez v. Nationwide Protective Servs.*, Case No. 6:05-cv-328-ORL-22JGG (M.D. Fla. Oct. 31, 2005)). As the total fee award sought in this case is not patently unreasonable based on the history of this case and Plaintiff does not contest the reasonableness of the award, the Court has not conducted an in-depth analysis of the attorney's fees sought. Accordingly, the award of attorney's fees in this action does not reflect a determination that the hourly rate or time charged by Plaintiff's counsel constitutes a reasonable hourly rate in this or any applicable market.

Courtroom Deputy

- 4 -